UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
KEVIN WONGUS,
          Petitioner.

    -v.-                                                                9:06-CV-0618
                                                                             (GLS)(GHL)

T.R. CRAIG,
          Respondent.
------------------------------------------------------------------------------
APPEARANCES:

KEVIN WONGUS
Petitioner, *pro se*
52588-066
FCI Ray Brook
PO Box 9004
Ray Brook, NY 12977

GARY L. SHARPE, U.S. DISTRICT JUDGE

# DECISION and ORDER

**I.**    **Background**

The Clerk has sent to the Court a petition for writ of habeas corpus and an application to proceed *in forma pauperis*, brought by Kevin Wongus ("petitioner" or "Wongus") pursuant to 28 U.S.C. § 2241.  Petitioner is presently confined at the Federal Correctional Institution in Ray Brook, New York and has not paid the statutory fee required to maintain the instant action.

In this habeas petition, Wongus states that he was sentenced in the United States District Court for the Eastern District of Pennsylvania to 15 years imprisonment due to his conviction for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. §922(g)(1).  Petitioner states he appealed from the conviction and sentence and

his appeal was denied by the Third Circuit. Petitioner also states that he was denied certiorari by the United State Supreme Court.

Wongus challenged his federal conviction pursuant to 28 U.S.C. § 2255 ("Section 2255"). The United States District Court for the Eastern District of Pennsylvania denied his motion which was based upon claims of ineffective assistance of counsel and newly discovered evidence.[1]

By the present application, petitioner seeks an order vacating his sentence. The ground for the petition is that the jury did not determine whether he had a prior conviction, and thus the sentencing court could not enhance his sentence based upon any such conviction. Petitioner does not allege, nor offer any evidence, that he had not been previously convicted of the charge that the sentencing court relied upon.

## II.    Discussion

### A.    *Challenges to federal sentence under Section 2255.*

A motion to the sentencing court pursuant to Section 2255 is generally the appropriate vehicle for challenging a sentence imposed by a federal court. 28 U.S.C. § 2255; *United States v. Hayman*, 342 U.S. 205, 217 (1952). As stated above, Wongus previously filed a Section 2255 petition, which was denied by the United States District Court for the Eastern District of Pennsylvania. Since petitioner does not indicate that he has been authorized to file a second Section 2255 application by the Court of Appeals for the Circuit, as is required under Section 2255, petitioner is not entitled to relief under this section.

---

[1]Petitioner filed a prior Petition pursuant to 28 U.S.C. §2241, challenging the same conviction and sentence, in this District that was denied. 9:05-CV- 0618.

### B. Section 2255's Savings Clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction. Pursuant to the "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[2] Therefore, where a petitioner claims that the § 2255 remedy is not available, and

---

[2] Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian v. Nash*, 245 F.3d 144, 147-148 (2d Cir. 2001)(§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[3]

In a sentencing context, "to qualify for the 'actual innocence' exception, a petitioner must prove that 'but for the constitutional error, [petitioner] would not have been legally eligible for the sentence received." *Borrego v. Untied States,* 975 F. Supp. 520, 525 (S.D.N.Y. 1997) *citing Sawyer v. Whitley*, 505 U.S. 333, 348 (1992). In other words, petitioner must allege and prove that a constitutional violation resulted in his sentence, demonstrate by clear and convincing evidence that he is innocent of the facts used to impose his sentence,[4] and, prove that the sentence imposed exceeds the maximum permitted by statute. *Id.* However, petitioner has set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence.[5]  Thus, the Court finds that the § 2255 savings clause does not

---

[3] In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378).  The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

[4]In this case, petitioner would have to prove that the prior conviction that the sentencing court relied upon had been overturned or vacated. Petitioner has made no such allegation in the instant petition.

[5]Petitioner appears to base his constitutional violation on alleged violations of the holdings in *Shepard, Blakely,* and *Booker*.  However, Petitioner has not addressed the fact that in the Second Circuit, a number of Courts have already held that the *Booker* decision does not apply retroactively to cases that have reached final resolution. *Mincome v. United States*, 2005 WL 195383 (N.D.N.Y. 2005) (Munson, S.J). *See also  Green v. United States*, 2005 WL 237204 (2d Cir. 2005)*;* Guzman v. United States, *404 F.3d 139 (2d Cir. 2005); United States v. Reyes*, 2005 WL 427578 (S.D.N.Y. 2005).  The Second Circuit Court of Appeals has reached the same conclusion with respect to the retroactivity of the holding in *Blakely*.  *See Carmona v.*

apply here and this Court lacks jurisdiction to entertain the § 2241 petition.

As noted above, petitioner previously filed a § 2255 Motion in the United States District Court for the Eastern District of Pennsylvania, which was denied. Pursuant to § 2255, he may not file a second or successive motion unless he first receives permission from the United States Court of Appeals for the Third Circuit to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim to have sought the necessary certification from the Third Circuit, nor does he offer any explanation for his failure to seek such permission. Moreover, even if the Third Circuit Court of Appeals was to certify a second or successive Motion, this Court would lack jurisdiction to entertain that Motion because a petitioner must file it in the sentencing court. *See* 28 U.S.C. § 2255.

Accordingly, because this Court lacks jurisdiction in this matter the Court hereby dismisses petitioner's petition without prejudice.

Finally, with respect to petitioner's application to proceed *in forma pauperis*, the application is incomplete and must be denied.

WHEREFORE, it is hereby

ORDERED**,** that the petition in this action is dismissed without prejudice, and it is further

ORDERED, that petitioner's request to proceed with this action *in forma pauperis* is denied as incomplete, and it is further

---

*United States*, 390 F.3d 200 (2d Cir. 2004). And, a number of Courts have held that *Shepard* does not apply retroactively. *See Olivas-Gutierrez v. United States,* 2005 WL 1241871, *4 (W.D.TX. 2005); *Langley v. United States,* 2005 WL 1114710, *2 (M.D.N.C. 2005); *Morales v. United States*, 2005 WL 807051, *7 (D. Minn. 2005).

ORDERED, that the Clerk serve a copy of this Order on petitioner by regular mail.

IT IS SO ORDERED.

DATED:	October 5, 2006
	Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge